IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DYLAN D. TALLMAN,

                Plaintiff,

v.

JAMES ARMSTRONG, TRISTEN WANDEN,          OPINION and ORDER
GREG BEAN, B. BARTELS-ROHBECK,
C. KITHINDI, KEITH JOHNSON                    22-cv-458-jdp
JERMEY BECK, BRIAN GREFF
DAN CROMWELL, S. NEWCOMB,
and EVERY DCI SEG. SGT(S),

                Defendants.

---

Pro se plaintiff and prisoner Dylan D. Tallman has filed a complaint about events that occurred while he was incarcerated at Dodge Correctional Institution in 2019. The complaint is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. I cannot allow Tallman to proceed on any claims because his complaint doesn't comply with the Federal Rules of Civil Procedure. But I will give Tallman an opportunity to correct the problems identified in this opinion.

Tallman's complaint includes two sets of claims that are largely unrelated. First, Tallman says that defendants James Armstrong, Tristan Wanden, and Greg Bean used excessive force against him, failed to promptly seek medical care for him, and acted negligently after he swallowed a tourniquet buckle. Second, Tallman says that B. Bartels-Rohbeck, C. Kithini, Keith Johnson, Jeremy Beck, Brian Greff, Dan Cromwell, and S. Neucomb implemented a behavior management plan that subjected him to such severe and restrictive conditions of confinement that they violated the Constitution.

Rule 20 and Rule 21, as well as the court's inherent authority, allow courts to sever unrelated claims. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863–64 (7th Cir. 2018); *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). Lawsuits with unrelated claims are both unfair to defendants (who must participate in proceedings that have little to do with them) and difficult to manage for the court and the plaintiff (who may find it impossible to litigate unrelated claims at the same time, with or without a lawyer). *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Thus, when a plaintiff tries to cram too much into one case, the court may require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

The two sets of claims identified above do not belong in the same lawsuit. Tallman appears to believe that the claims are sufficiently related because swallowing the buckle caused a chain of events that led to all the challenged conduct underlying both sets of claims, including the behavior plan, which was based on Tallman's attempt to harm himself. But that one common fact isn't enough to hold the claims together. The two sets of claims involve different defendants and different types of claims, and they will require different evidence to prove. So only one of the set of claims may proceed as Case No. 22-cv-458-jdp. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Tallman will have to choose which set of claims that is.

As for the other set of claims, Tallman has to make another choice. One option for Tallman is to pursue the other claims in a separate lawsuit. In that case, he will be required to pay a separate filing fee for the other lawsuit. In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted or one of the other reasons listed in § 1915(g). As Tallman may be aware, once

a prisoner receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Tallman may choose to dismiss one set of claims voluntarily. If he chooses this route, he will not owe additional filing fees or face a strike for the claims he dismisses. The claims dismissed voluntarily would be dismissed without prejudice, which means that Tallman would be able to bring them at another time, so long as he files a new lawsuit before the statute of limitations has run.

Because it is not clear at this time which of Tallman's claims he will pursue, I have not assessed the merits of the claims or determined whether the allegations provide fair notice, as required by Rule 8 of the Federal Rules of Civil Procedure. Once Tallman identifies the claims he wants to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2) and § 1915A. Because Tallman faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Tallman disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the two sets of claims he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to comply with a court order.

ORDER

IT IS ORDERED that:

1. Plaintiff Dylan D. Tallman may have until December 16, 2022, to identify for the court which of the following two sets of claims he wants to pursue under Case no.

3

22-cv-458: (1) his claims against James Armstrong, Tristan Wanden, and Greg Bean; *OR* (2) his claims against B. Bartels-Rohbeck, C. Kithini, Keith Johnson, Jeremy Beck, Brian Greff, Dan Cromwell, and S. Neucomb.

2. Also by December 16, Tallman is to tell the court whether he wishes to: (1) pursue the other set of claims in a separate lawsuit and be assessed a second filing fee; or (2) dismiss the other set of claims without prejudice to his refiling them at a later date.

3. Once Tallman chooses which claims he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If Tallman fails to respond to this order by December 16, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

Entered December 1, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge