IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DYLAN D. TALLMAN,

                        Plaintiff,

   v.                                                           OPINION and ORDER

JAMES ARMSTRONG and TRISTEN WANDEN,          22-cv-458-jdp

                        Defendants.

Plaintiff Dylan Tallman has filed a document that he calls "Objection to opinion and order," Dkt. 13, which I construe as a motion for reconsideration of the order screening Tallman's complaint. In that order, I allowed Tallman to proceed on claims under the Fourteenth Amendment that James Armstrong and Tristen Wanden delayed Tallman's medical care and used excessive force on him after he swallowed a tourniquet buckle. I dismissed a negligence claim against a third defendant, Greg Bean, because the only harm alleged was that plaintiff was restrained on his transport from the hospital to the prison. I concluded that the restraints were reasonable in light of Tallman's recent act of self-harm. Dkt. 11.

Tallman raises two issues in his motion. First, he says that the court's summary of his medical-care claim was inadequate. I referred to the alleged problem as a delay in providing medical care because defendants ultimately took Tallman to the emergency room. Tallman says this doesn't capture his allegations that defendants didn't call an ambulance for him or his allegations about defendants' rough treatment of him. But defendants' alleged failure to call an ambulance is simply one aspect of the delay; it doesn't change the nature of his claim, which is that defendants prolonged his pain by delaying his care.

As for Tallman's allegations of defendants' rough treatment, that is the basis for Tallman's excessive force claim. There was no reason to discuss those allegations separately in the context of his medical claim. Regardless, nothing in the screening order limits Tallman's claims regarding medical care or excessive force. I allowed him to proceed on both claims, so he was not prejudiced by the way I summarized the claims. He remains free at summary judgment or trial to present evidence regarding defendants' failure to call an ambulance and their rough treatment of him.

Second, Tallman says that it is reasonable to infer that Bean knew that Armstrong and Wanden had mistreated him because Bean told Tallman, "You know we're not all bad like that." But that allegation is irrelevant to the court's reasoning for dismissing the negligence claim against Bean. Tallman's claim was that Bean was negligent in allowing Armstrong and Wanden to transport him back to the prison from the hospital despite their mistreatment of him. I assumed in the screening order that Bean knew or should have known that Armstrong and Wanden had used excessive force against Tallman and unnecessarily delayed Tallman's medical care. Dkt. 11, at 5. But I dismissed the claim because Tallman's only alleged harm during the transport was that he was "tied up in a restraint bag." Dkt. 1, at 3. Based on Tallman's serious and inexplicable act of self-harm only hours earlier, the restraints were not unreasonable. And if Armstrong and Wanden didn't act unreasonably during the transport, Bean could not be held liable for allowing them to maintain custody over Tallman. Tallman identifies no basis for reconsidering that conclusion.

ORDER

IT IS ORDERED that Dylan Tallman's objection, which I construe as a motion for reconsideration, Dkt. 13, is DENIED.

Entered March 2, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge